**FILED**

SEP - 1 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | **Crim. No. 93-367 (RCL)** |
| v. | § | |
| | § | **Civil No. 07-2253 (RCL)** |
| **RONALD J. TOMS,** | § | |
| **Defendant.** | § | |
| | § | |

### MEMORANDUM

Before the Court are Defendant Ronald J. Toms' docketed motion to vacate sentence under 28 U.S.C. § 2255 35 [258] and his docketed motion to correct sentence under Federal Rule of Criminal Procedure 35 [259]. For the following reasons Mr. Toms' motions are stricken from the record without prejudice to refile them with the Court of Appeals should he see fit to do so.

Mr. Toms previously filed a § 2255 motion, which was denied by this Court on August 8, 2002 [Dkt. 243]. This Court's denial was subsequently affirmed by the Court of Appeals. As such, were this Court to consider Mr. Toms' petition [259] it would have to be treated as a second or successive petition, and prior to consideration by this Court, Mr. Toms' motion would have to be certified by a panel of the Court of Appeals. 28 U.S.C. § 2255(h). Otherwise, this Court lacks jurisdiction to consider Mr. Toms' motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). In such an instance, the appropriate action is then to transfer the petition to the Court of Appeals for their consideration.

*Cephas v. Nash*, 328 F.3d 98, 104 n.5 (2d Cir. 2003); *see also Harris v. United States*, 522 F. Supp. 2d 199, 203 (D.D.C. 2007).

Mr. Tom's other motion [259], although styled a Rule 35 motion, seeks relief that would make it appropriate to characterize his petition as one under 28 U.S.C. § 2255. Were it recharacterized, this Court would have to afford notice and an opportunity to withdraw the petition before recharacterizing it as one under § 2255, given the adverse consequences such a characterization might produce for the litigant. *United States v. Palmer*, 296 F.3d 1135, 1146 (D.C. Cir. 2002). A recharacterization would also make this a second or successive petition and subject it to preliminary review by the Court of Appeals, before this Court could consider it.

This Court hesitates to transfer these motions to the Court of Appeals, though, given that neither is in fact signed by Mr. Toms, nor by his attorney. And even though they would be treated as second or successive and thus would need to be transferred to the Court of Appeals, before this Court considers them, there are still adverse consequences that could flow from such filings, such as an injunction against future filings, *see, e.g.*, *In re Judd*, 2006 WL 1565084 (D.C. Cir. Feb. 14, 2006), which gives the Court pause to proceed with such a transfer. This concern is heightened by the fact that the Court cannot be certain either was actually filed by Mr. Toms.

Since these documents have not been filed in accordance with Federal Rule of Civil Procedure 11(a), *see* RULES GOVERNING SECTION 2255 PROCEEDINGS IN

THE U.S. DISTRICT COURTS Rule 12, and as such the Court cannot attribute them to Mr. Toms, the motions [258, 259] are hereby stricken from the docket without prejudice to Mr. Toms' himself refiling them with the Court of Appeals to determine if they meet the standards set forth under 28 U.S.C. § 2244.

A separate order shall issue this date.

ROYCE C. LAMBERTH
Chief Judge
United States District Court